Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000511
25-NOV-2011
03:07 PM

NO. CAAP-11-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TAMARA SHINE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTC-10-010284)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over this appeal by Defendant-Appellant Tamara J. Shine (Appellant), pro se, in Appeal No. CAAP-11-0000511 from the Honorable Blaine Kobayashi's two February 23, 2011 judgments of conviction in 2DTC-10-010284 for operating a motor vehicle without liability insurance in violation of Hawaii Revised Statutes (HRS) § 431:10C-104 (2005) and driving a motor vehicle without a valid license in violation of HRS § 286-102 (2007 &

Supp. 2010), because Appellant's June 30, 2011 notice of appeal in Appeal No. CAAP-11-0000511 is untimely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). "Appeals from the district court, in criminal cases, are authorized by HRS § 641-12, which . . . provides in pertinent part that appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (internal quotation marks and brackets omitted). The two February 23, 2011 judgments of conviction are appealable judgments from a criminal case pursuant to HRS § 641-12.

Appellant already asserted a timely appeal from the two February 23, 2011 judgments in appellate court case number CAAP-11-0000117. However, on July 19, 2011, we dismissed Appellant's appeal in Appeal No. CAAP-11-0000117 pursuant to HRAP Rule 30 because Appellant failed to file an opening brief in Appeal No. CAAP-11-0000117.

Appellant has attempted to assert multiple appeals from the same two February 23, 2011 judgments by subsequently filing a June 30, 2011 notice of appeal from the same two February 23, 2011 judgments in Appeal No. CAAP-11-0000511. However, Appellant did not file her June 30, 2011 notice of appeal within thirty days after entry of the February 23, 2011 judgment, as HRAP Rule

-2-

4(b)(1) requires for a timely appeal. "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal . . . if we lack jurisdiction." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (citations, internal quotation marks, and original brackets omitted). "In criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). The "recognized exceptions involve circumstances where: (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[,] . . . or (2) the trial court's decision was unannounced and no notice of the entry of judgment was ever provided[.]" Id. (citations omitted). Neither of these exceptions apply to Appellant because (1) Appellant is a pro se litigant who knowingly waived her right to counsel in this case, and, thus, the untimeliness of Appellant's June 30, 2011 notice of appeal was not the result the ineffective assistance of any counsel, and (2) Appellant obviously had timely notice of the two February 23, 2011 judgments because Appellant already asserted a timely appeal from the two February 23, 2011 judgments in Appeal No. CAAP-11-0000117, which we dismissed. Therefore, under the circumstances of this case, we lack jurisdiction over Appellant's untimely appeal in Appeal No. CAAP-11-0000511. Accordingly,

IT IS HEREBY ORDERED that this appeal in Appeal No. CAAP-11-0000511 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 25, 2011.

Chief Judge

Associate Judge

Associate Judge